UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISA FELIX-WILLIAMS,

                Plaintiff,

v.

NEW YORK PRESBYTERIAN BROOKLYN METHODIST HOSPITAL,

                Defendant.

19-CV-7326 (LDH) (RER)

**ANSWER AND DEFENSES**

      Defendant NewYork-Presbyterian Brooklyn Methodist (the "Hospital"), by and through its attorneys Epstein Becker & Green, P.C., answers Plaintiff's "Complaint for Employment Discrimination" (the "Complaint"), which includes Plaintiff's allegations in the template complaint provided by the Pro Se Office, as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph I(A) of the Complaint.

      2.     Denies the allegations set forth in Paragraph I(B) of the Complaint except admits that: the Hospital's address is 506 6th St. Brooklyn, NY 11215; the Hospital's telephone number is 718-780-3000; and the Hospital employed Plaintiff as a Patient Registrar.

      3.     Admits the allegations set forth in Paragraph I(C) of the Complaint.

      4.     States that Paragraph II of the Complaint sets forth contentions and conclusions of law regarding which laws the action is being brought to address to which the Hospital is not required to respond. To the extent a response is required, Defendant denies that it violated any law.

5. States that Paragraph III(A) of the Complaint sets forth contentions and conclusions of law to which the Hospital is not required to respond. To the extent a response is required, the Hospital denies that it engaged in any discriminatory conduct.

6. Denies the allegations set forth in Paragraph III(B) of the Complaint.

7. States that Paragraph III(C) of the Complaint does not set forth any allegations and therefore no response is required.

8. States that Paragraph III(D) of the Complaint sets forth contentions and conclusions of law to which the Hospital is not required to respond. To the extent a response is required, the Hospital denies that it discriminated against Plaintiff on any basis.

9. Denies the allegations set forth in Paragraph III(E) of the Complaint.

10. States that Paragraph IV(A) of the Complaint does not set forth any allegations and therefore no response is required. To the extent a response is required, the Hospital denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph IV(A) of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph IV(B) of the Complaint, except admits that the EEOC issued a Right to Sue notice.

12. Denies Plaintiff is entitled to a judgment in her favor, the relief sought in Paragraph V of the Complaint, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable periods of statutes of limitations.

## THIRD DEFENSE

All actions taken by the Hospital with respect to Plaintiff were nondiscriminatory, based on reasonable, legitimate business factors, and were undertaken in good faith and in compliance with all applicable laws, rules, and regulations.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages, if any exist, as required by law.

## FIFTH DEFENSE

At all times relevant hereto, Defendant had a specific policy against unlawful harassment, discrimination and retaliation, which policy was well-known to employees, including Plaintiff. Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities offered for resolution of her alleged claims.

## SIXTH DEFENSE

The terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement between the Hospital and 1199 SEIU United Healthcare Workers East (the "Union") (the "CBA").

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to exhaust her administrative and/or contractual remedies pursuant to the terms of the CBA.

**EIGHTH DEFENSE**

Plaintiff's claims are pre-empted by the National Labor Relations Act, 29 U.S.C. 151, *et seq.*, including pursuant to Section 301 thereof, because their resolution, in whole or in part, requires interpretation of the collective bargaining agreement governing the terms and conditions of her employment with the Hospital.

**NINTH DEFENSE**

Any emotional distress, pain and suffering, mental anguish, physical ailments, embarrassment and/or humiliation suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

**TENTH DEFENSE**

Plaintiff cannot state a claim for disability discrimination because she is not a qualified individual with a disability and no reasonable accommodation existed that would have allowed her to perform the essential functions of her job. Alternatively, Plaintiff cannot state a claim for disability discrimination because she failed to participate in the interactive process and any reasonable accommodation for her would have caused an undue hardship on the operation of Defendant's business.

**ELEVENTH DEFENSE**

Plaintiff cannot state a claim for retaliation because she did not engage in protected conduct.

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages and/or an award of attorneys' fees and/or costs are barred, in whole or in part, because Defendant did not engage in any conduct rising to the level required to sustain such awards.

## THIRTEENTH DEFENSE

To the extent that Plaintiff purports to allege a claim or claims for emotional, mental, or physical injuries, including any claim for infliction of emotional distress and any claim for recovery of medical expenses or lost work thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

## FOURTEENTH DEFENSE

Plaintiff's claims should be dismissed to the extent that they were not set forth in her administrative charges or she otherwise failed to invoke and exhaust applicable administrative remedies, and this Court lacks jurisdiction over the same.

## FIFTEENTH DEFENSE

Defendant would have taken the same actions toward Plaintiff in the absence of any alleged impermissible motivating factors, of which there were none.

**SIXTEENTH DEFENSE**

Before and throughout the relevant period, Defendant complied with well-established policies, programs, and procedures for the prevention and detection of unlawful harassing, discriminatory, or retaliatory conduct.

**SEVENTEENTH DEFENSE**

The Complaint is barred, in whole or in part, and/or the sought recovery is precluded, because if the unlawful acts and/or omissions alleged in the Complaint were committed, which is denied, they were not done willfully, in bad faith, with malice, or with reckless indifference to Plaintiff's rights under any applicable laws, rules, or regulations.

**RESERVATION OF RIGHTS**

In addition to the defenses stated above, Defendant reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

WHEREFORE, Defendant respectfully request that the Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint in its entirety, together with attorneys' fees and costs of this action, and such other and further relief as the Court may deem just and proper.

Dated: March 4, 2020	EPSTEIN BECKER & GREEN, P.C.

	 */s/ Lauri Rasnick*
	James S. Frank
	Lauri F. Rasnick
	Daniel J. Green
	875 Third Avenue
	New York, NY 10022
	LRasnick@ebglaw.com
	(212) 351-4500
	*Attorneys for Defendant*
	  *NewYork-Presbyterian Brooklyn Methodist*

## CERTIFICATE OF SERVICE

I, Daniel J. Green, certify under penalty of perjury that I caused a true and correct copy of the attached Answer and Defenses to be served upon the following:

Lisa Felix-Williams
37 Centre Mall Apt. #6B,
Brooklyn, NY 11231


Dated: New York, New York
March 4, 2020

EPSTEIN BECKER & GREEN, P.C.

By: _____
Daniel J. Green
875 Third Avenue
New York, New York 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
djgreen@ebglaw.com

*Attorneys for Defendant*